# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Simply Self Storage Unit 622 Located at 4600 Fisher<br>Rd. Columbus, Ohio 43228 | )<br>)<br>) Case No. 2:20 mj 199<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ____Southern____ District of ____Ohio____ *(identify the person or describe property to be searched and give its location)*: Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of __18__ U.S.C. § __1956/1957__, and the application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Samuel Chappell, ATF Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 03/13/2020

*Judge's signature*

City and state: Columbus, Ohio

Chelsey M. Vascura, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR SEARCH AND SEIZURE WARRANTS REGARDING SIMPLY SELF STORAGE UNIT # 622 LOCATED AT 4600 FISHER ROAD COLUMBUS, OHIO 43228 | Case No. 2:20 mj 199<br><br>**UNDER SEAL** |

**Affidavit for Search Warrant:**

## I.
## INTRODUCTION

I, Samuel Chappell, being duly sworn, depose and state as follows: I am a Columbus Ohio Police officer assigned as a Task Force Officer with the bureau of Alcohol Tobacco and Firearms. I have been employed by the Columbus Division of Police since 2007. My responsibilities as a Task Force Officer include the investigation of violent criminal street gangs, narcotics traffickers, money launders, and firearm related crimes. I have participated in the execution of search warrants and arrests related to the above-referenced offenses. By virtue of my experience and training, I am familiar with money laundering techniques utilized by individuals involved in illegal activities, such a narcotics trafficking and the interstate transportation of stolen items. I know that it is common for people involved in these types of illegal activities to accumulate large sums of U.S., currency that they seek to launder in order to avoid detection of their illegal activities, and attempt to freely spend the cash without drawing law enforcement scrutiny. Based upon my training, experience, investigative efforts, and information and insight given to me by other Columbus, Ohio Division of Police (CPD) Detectives and ATF Agents, I submit there is probable cause to believe that Shawn and Lisa FORSYTHE are involved in money laundering activities associated with the distribution of controlled substances. I believe there exists sufficient probable cause that contained within the below listed properties evidence of those activities exist.

## II.
## PURPOSE OF AFFIDAVIT

This affidavit is submitted for the limited purpose of establishing probable cause in support of an application of a warrant to search the property located at **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228** and therefore contains only a summary of the relevant facts. I have not included each and every fact that I, or others, have learned during the course of this investigation. The information set forth in this affidavit is based on my own participation in the investigation, information I have received from other law enforcement officials, and from my and other investigators analysis of documents and records relating to this investigation. As the case agent of this investigation, I am familiar with the investigative efforts

1

of other CPD Detectives and Officers and ATF Agents who have worked on this investigation. Further, I am familiar with the evidence gathered through the issuance of search warrants, and information provided to myself and other CPD Detectives and Officers and ATF Agents by cooperating individuals and informants. I believe there exists sufficient probable cause that evidence of the following violations:

- Title 18 U.S.C. § 1956 (a)(1)(A)(I) - Laundering of monetary instruments with the intent to promote the carrying on of the specified unlawful activity;
- Title 18 U.S.C. § 1956 (a)(1)(B)(i) - Laundering of monetary instruments with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity;
- Title 18 U.S.C. § 1956 (h) - Conspiracy to promote the carrying on of the specified unlawful activity and to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity;
- Title 21 U.S.C. § 841(a) - Possess with Intent to Distribute a Controlled Substance; and
- Title 21 U.S.C. § 846 - Conspire to Possess with Intent to Distribute a Controlled Substance.
- Title 21 U.S.C. § 922(g)(1) - Possession of a Firearm After Having Been Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

### III.
### ITEMS TO BE SEIZED

A list of the specific items to be seized from **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228** is attached hereto as Attachment A, and Attachment A is incorporated herein by reference. Based on my training and experience, as detailed above, I believe that there is probable cause to believe that the items listed in Attachment A will be found at **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228**, as more fully described in Attachments A.

### IV.
### PROBABLE CAUSE

1. On 03/13/2020, CPD SWAT officers were utilized to affect the arrest of FORSYTHE for an arrest warrant per case # 2:20-MJ-189 for Title 18 USC Section 922(g)(1)-Possession of Firearm by Convicted Felon.

2. Investigators learned that FORSYTHE was currently in room #113 and relayed the information to CPD SWAT officers. CPD SWAT officers knocked on the door to room #113 and observed FORSYTHE inside the room. CPD SWAT officers took FORSYTHE into custody in the bathroom area of the room.

3. CPD SWAT officers observed the following in plain view;
    -Suspected methamphetamine crystals on the television stand
    -Drug paraphernalia (tin foil, wrappers, baggies) on the room table

-Digital scales in the toilet

4. On 03/13/2020 a federal search warrant was executed on 920 N. Wilson Road, Room #113, Columbus, Ohio 43204. Investigators seized a large amount of suspected heroin, methamphetamine, and other narcotics. Inside of the room investigators also found a key for a storage unit.

5. After the arrest of FORSYTHE a search warrant was executed on his residence located at 442 Derrer Road, Columbus, Ohio. During the search of the residence investigators discovered three pistols, one rifle, a large amount of U.S. currency and miscellaneous residency documents related to FORSYTHE. The aforementioned items were seized as evidence and will be held in the ATF evidence vault.

6. Investigators also discovered renter's agreement paperwork related to 2500 Harrisburg Pike, Lot #34, Grove City, Ohio 43123. The renter's agreement end date was listed as March 31, 2020.

7. A federal search warrant was then executed at 2500 Harrisburg Pike, Lot #34, Grove City, Ohio 43123. Investigators seized a large amount of suspected heroin, methamphetamine and other narcotics. Investigators also seized several firearms from the residence. Inside the residence investigators found two cards for Simply Self Storage. One card had the gate code written on it while the other had a gate code and the locker number #622 written on it.

8. Investigators went to the Simply Self Storage Located at 4600 Fisher Rd. Columbus, Ohio 43228 and learned that unit 622 had been rented in the name of Shawn FORSYTH in January 2020.

9. Investigators had a Columbus Police K9 unit respond to Simply Self Storage Located at 4600 Fisher Rd. Columbus, Ohio 43228. This K9 unit alerted to the possible presence of narcotics at unit 622.

10. Your affiant believes that the above-facts, including but not limited to: communications with Shawn FORSYTHE, Lisa FORSYTHE, and Ashley TRIPLETT, as well as additional information received from multiple confidential informants and sources of information, establish that the FORSYTHE/Tinsley DTO is currently utilizing **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228** to facilitate the storage of firearms by a prohibited person, and the trafficking of narcotics here within the Southern District of Ohio.

## CONCLUSION

Through my experience and my discussions with other experienced law enforcement officers, I am familiar with the ways in which individuals involved with illegal activities who are laundering their illicit proceeds in an attempt to appear to have legitimate income conduct their business, and their methods of laundering the proceeds of their illegal activities. I am familiar

3

with the methods, schemes, and operations used by those individuals involved with large-scale criminal activity and know:

    a) It is my experience that currency transactions that are conducted enable those individuals involved with large-scale criminal activity and money launderers to invest the cash proceeds of their illicit businesses into an asset, thereby legitimizing the currency.
    b) That those individuals involved with large scale criminal activity are known to trade items in their possession for items of monetary value such as firearms;
    c) That those individuals involved with large scale criminal activity conduct various transactions, including the purchase of vehicles and real estate, in order to create an appearance that their income is derived from legitimate sources.
    d) That those individuals involved with large scale criminal activity must maintain, on hand, large amounts of United States currency in order to maintain and finance their ongoing criminal enterprise;
    e) That those individuals involved with large scale criminal activity and money launderers maintain books, records, receipts, notes, ledgers, and other papers relating to the sale of narcotics, and the purchase of assets, including vehicles, real estate and other financial instruments;
    f) That the aforementioned books, records, receipts, notes, ledgers, etc., are commonly maintained where the individuals have ready access to them, i.e., homes, businesses, and automobiles.
    g) That it is common for those individuals involved with large scale criminal activity and money launderers to secrete proceeds of their criminal sales, and records of illicit transactions, sources, and customers, in secure locations within their residences, businesses, garages, storage buildings, barns, trailers and safety deposit boxes for ready access, and also to conceal such items from law enforcement authorities;
    h) That persons involved in such criminal activity and laundering conceal caches of currency, financial instruments, precious metals, jewelry, other items of value and/or proceeds of illicit transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending large sums of money made from engaging in their criminal activities, in their residences, businesses, garages, storage buildings, barns, trailers, automobiles, and safety deposit boxes;
    i) That those individuals involved with large scale criminal activity and money launderers commonly maintain addresses or telephone numbers in books, papers, pagers, or cellular phones (and often have multiple cellular phones and pagers) which reflect names, addresses, text messages to, and/or telephone numbers for their associates in the criminal organization, even if said items may be in code;
    j) That those individuals involved with large scale criminal activity and money launderers frequently take, or cause to be taken, photographs of themselves, their associates, their property, and their product, and that these individuals usually maintain these photographs in their residences, businesses, and automobiles;
    k) That when those individuals involved with large scale criminal activity and money launderers amass large monetary proceeds from the sale of their ill-gotten gains, they attempt to legitimize these profits by utilizing foreign and domestic banks and their attendant services, including securities, cashier's checks, money drafts, wire transfers,

letters of credit, brokerage houses, real estate, shell corporations, business fronts, and other methods;
l) That those individuals involved with large scale criminal activity and money launderers sometimes store documents and records relating to their co-conspirators, customers, money, and assets on computer hardware and software, the contents of which frequently yield evidence of their criminal activity and money laundering crimes;
m) That courts have recognized that unexplained wealth is probative evidence of criminal activity in which transactions involving large amounts of cash and high profit margins are common, to include those individuals involved with large scale criminal activity;
n) That it is common for those individuals involved with large scale criminal activity and money launderers to conceal and store items related to their criminal activity and money laundering within safes, footlockers, boxes, containers and other hidden compartments, and within places that they own or over which they exercise control such as residences, businesses, and automobiles.
o) Individuals involved with large scale criminal activity store records of associated criminal acquisition/disposition documents at their residences, businesses, and/or in their vehicles;

In view of the above-mentioned facts and my training and experience in the investigation of financial crimes, I have probable cause to believe that contained within **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228.** is evidence of:
- Title 18 USC-1956(a) - Laundering of Monetary Instruments;
- Title 18 USC-1956(h) - Money Laundering Conspiracy;
- Title 21 USC-841(a) - Possess with Intent to Distribute a Controlled Substance;
- Title 21 USC-846 Conspire to Possess with Intent to Distribute a Controlled Substance.
- Title 21 U.S.C. § 922(g)(1) - Possession of a Firearm After Having Been Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year.

That Shawn FORSYTHE is the current renter of **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228**. Based upon the fact that paper records have been recovered from related search warrants, I believe that contained within the property of **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228 43204** is evidence of those crimes.

_____
Samuel Chappell
Task Force Officer, ATF

Sworn to and subscribed before me this 13 day of March 2020 in Columbus, Ohio.

_____
Chelsey M. Vascura
U.S. MAGISTRATE JUDGE

5

## ATTACHMENT A:

## ITEMS TO BE SEIZED

1. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of **Simply Self Storage Unit 622 Located at 4600 Fisher Rd. Columbus, Ohio 43228** are:

   a) controlled substances, including, heroin, cocaine, and/or crack cocaine;

   b) paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

   c) books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

   d) addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators and customers;

   e) safes, money counting machinery, cash, currency, and records relating to controlled substances; income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts; bank statements, passbooks, checkbooks, check registers, stocks, and bonds; as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

   f) documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts, and telephone bills;

   g) photographs, including still photos, negatives, video tapes, slides, films, undeveloped film, and the contents therein, in particular photographs of co-conspirators and of assets;

   h) computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as

1

well as documents relating thereto;

i) firearms and ammunition, as defined by 18 U.S.C. § 921 and other dangerous weapons; and

j) identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.